# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| CURTIS LEE MARTIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:14-cv-0081 |
| STATE OF TENNESSEE, DISTRICT ATTORNEY'S OFFICE, and CHRISTI THOMPSON, | ) | Chief Judge Haynes |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, an inmate at the Lawrence County Jail in Lawrenceburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: State of Tennessee, the District Attorney's Office, and Christi Thompson, Assistant District Attorney for Lawrence County.

Under the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review of any *in forma pauperis* or prisoner civil complaint and dismiss it, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The factual allegations in the complaint are as follows:

> One May 22, 2014 I went to Court on a violation of probation. The D.A. Christi Thompson and the probation officer Jamie Staggs is conspircy on me and other sex offenders. They are discrimnation against me. They lied in Court. The D.A. Christi Thompson is being bias, undermined, narrow-mined unfair tyrant. She is prejudice and bigotry. She wants to put all sex offenders and me in jail. In jail I was offered 90 days. They put my Court date off till May so the plea agreement would expire. Abuse of power by the D.A. Christi Thompson. She has put sex offenders in jail for 6 years just for being homeless. They want to keep me in Jail so I cannot be around my kids or have a home or a job. This is a clear case of discrimination and abuse of power.

(Complaint, Docket Entry No. 1, at 5.) Based on these allegations, Plaintiff seeks $2 million in damages from the state of Tennessee, $4 million from the District Attorney's Office, and $4 million from Christi Thompson individually.

Plaintiff's claims against the state of Tennessee are subject to dismissal because the state is immune from suit pursuant to the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979); *see Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). The only exceptions to a state's immunity are (1) if the state

has consented to suit or (2) if Congress has properly abrogated a state's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Neither of these exceptions applies to § 1983 suits against the state of Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (reaffirming that Congress did not abrogate states' immunity when it passed § 1983).

The District Attorney's Office itself is a division of the state and not a suable entity in its own right. Regardless, as an arm or agency of the state of Tennessee, it too is entitled to Eleventh Amendment immunity. *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) ("[Eleventh Amendment] immunity . . . bars all suits . . . against the state *and its departments*." (emphasis added)).

To the extent Plaintiff intends to sue Assistant District Attorney Christi Thompson in her official capacity for damages, that claim too is barred by sovereign immunity, because a suit against a state official in her official capacity is equivalent to suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (Eleventh Amendment immunity applies to state officials sued in their official capacity).

Finally, insofar as Plaintiff seeks damages against Thompson in her individual capacity, that claim is barred under common-law principles of absolute prosecutorial immunity insofar as the acts for which the attorney is sued fall within the scope of her prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutorial immunity encompasses immunity from § 1983 claims). Moreover, such immunity applies even where the plaintiff alleges that the prosecutor has acted with malice or dishonesty. *Id.* at 427. The only exception to

absolute immunity is that "when a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (quoting *Imbler*, 424 U.S. at 431 n.33).

In this case, Plaintiff alleges that defendant Thompson is biased against sex offenders, has somehow been involved in keeping him in jail, and allowed his plea agreement to expire. He states, but presents no facts to support the assertion, that Thompson has conspired with Plaintiff's probation officer concerning the revocation of his probation. In other words, the actions alleged to have been taken by defendant Thompson in connection with revocation of probation and negotiating a plea agreement were clearly within the scope of her prosecutorial duties and those of an advocate intimately associated with the judicial process. The claim of a conspiracy appears to be grounded in speculation rather than actual fact and in any event is not pleaded with sufficient specificity to state a claim upon which relief may be granted. Because these actions all fall within the scope of this Defendant's prosecutorial duties, Defendant is immune from such claims.

For the reasons discussed above, the claims against all three Defendants must be dismissed under the PLRA on the basis that Defendants are immune from suit.

An appropriate Order is filed herewith.

**ENTERED** this the 21st day of July, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court